UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

EDDIE L. GRAHAM,

        Plaintiff,

-vs-                                          Case No. 5:05-cv-517-Oc-10GRJ

WAL-MART STORES, INC.,

        Defendant.
_____/

### **O R D E R**

This case is before the Court for consideration of the Defendant's Motion to Dismiss Plaintiff's Claims of Color, Gender, Religion, and National Origin Discrimination (Doc. 9), to which the Plaintiff has not responded. The motion is ripe for review and the Court concludes that it is due to be granted in part and denied in part.

### **Background and Facts**

In his pro se Complaint, the Plaintiff alleges that the Defendant, his former employer, engaged in discrimination based upon race, color, gender, religion, and national origin and retaliated against the Plaintiff, all in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e through 2000e-17. Specifically, the Plaintiff alleges that beginning in early 2004 and continuing until he ceased working for the Defendant in late 2005, the Plaintiff was employed as trailer and tractor mechanic and endured discrimination at the hands of his shift supervisor and his co-workers.

On September 16, 2005, the Plaintiff filed a pro se Charge of Discrimination with the EEOC. In his Charge of Discrimination, the Plaintiff checked the boxes identifying the alleged causes of discrimination as "Race" and "Retaliation," but did not check the boxes identifying "Color," "Gender," "Religion," or "National Origin." In the "Particulars" section of the Charge of Discrimination, the Plaintiff recited, in part, that: "I believe that I have been discriminated against because of my race, Black, and retaliated against for complaining." The Plaintiff also recited that, "White employees received favorable treatment." The Defendant moves to dismiss the charges in the Plaintiff's Complaint alleging discrimination based upon color, gender, religion, and national origin for failure to exhaust administrative remedies.

## Motion to Dismiss Standard

In passing on a motion to dismiss under Rule 12(b)(6), the Court is mindful that "[d]ismissal of a claim on the basis of barebones pleadings is a precarious disposition with a high mortality rate."[1] As the Supreme Court declared in Conley v. Gibson, a complaint should not be dismissed for failure to state a claim unless it appears "beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief."[2]

---

[1] Int'l Erectors, Inc. v. Wilhoit Steel Erectors Rental Serv. 400 F.2d 465, 471 (5th Cir. 1968).

[2] Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 101-02, 2 L. Ed 80 (1957); see also Cook & Nichol, Inc. v. The Plimsoll Club, 451 F.2d 505 (5th Cir. 1971).

Thus, if a Complaint "shows that the Plaintiff is entitled to any relief that the Court can grant, regardless of whether it asks for the proper relief," it is sufficiently plead.[3]

## Discussion

It is well settled that prior to filing a discrimination action a plaintiff first must exhaust his administrative remedies by filing a charge of discrimination with the EEOC.[4] The purpose of this requirement "is that the [EEOC] should have the first opportunity to investigate the alleged discriminatory practices to permit it to perform its role in obtaining voluntary compliance and promoting conciliation efforts."[5] Thus, a plaintiff's "judicial complaint is limited to the scope of the administrative investigation which could reasonably be expected to grow out of the charge of discrimination."[6] Courts are "extremely reluctant to allow procedural technicalities to bar claims brought under [Title VII]," and, thus, "the scope of an EEOC complaint should not be strictly interpreted."[7]

Here, the Plaintiff clearly did not exhaust his administrative remedies with regards to the allegations in his Complaint of discrimination based upon gender, religion or national origin, because he never asserted those claims in the EEOC proceedings, and there is no

---

[3] Dotschay v. Nat'l Mut. Ins. Co., 246 F.2d 221 (5th Cir. 1957).

[4] See Gregory v. Ga. Dep't of Human Res., 355 F.3d 1277, 1280 (11th Cir. 2004).

[5] Evans v. U.S. Pipe & Foundry Co., 696 F.2d 925, 929 (11th Cir.1983).

[6] Griffin v. Carlin, 755 F.2d 1516, 1522 (11th Cir.1985).

[7] Gregory, 355 F.3d at 1280 (quoting Sanchez v. Standard Brands, Inc., 432 F.2d 455, 460-61, 465 (5th Cir. 1970)).

evidence that those claims could reasonably be expected to grow out of his Charge of Discrimination, which contains no mention of discrimination based upon gender, religion or national origin.  In contrast, discrimination based upon color could reasonably be expected to grow out of the Plaintiff's Charge of Discrimination, which not only identified race as a cause of discrimination, but which also recited that, "I believe that I have been discriminated against because of my race, Black" and that, "White employees received favorable treatment."[8]

## Conclusion

Upon due consideration and for the forgoing reasons, it is ordered that the Defendant's Motion to Dismiss Plaintiff's Claims of Color, Gender, Religion, and National Origin Discrimination (Doc. 9) is GRANTED to the extent that it seeks dismissal of the Plaintiff's claims alleging discrimination based upon gender, religion, and national origin, and DENIED in all other respects.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 24th day of October, 2006.

_____
UNITED STATES DISTRICT JUDGE

---

[8] The Court notes that if the Plaintiff had used the terms "African-American" and "Caucasian" rather than "Black" and "White" the Court may have reached a different conclusion; but while "black" and "white" may or may not describe races, it cannot be doubted that they are colors.

Copies to:   Counsel of Record
　　　　　　 Maurya McSheehy